By the Court, Nelson, Ch. J.
The statute concerning proceedings against absconding, concealed and non-resident debtors, provides that, after an application for an attachment, any other cieditor, having any demand against the debtor, then due, whatever may be its amount, may file an affidavit with the officer, specifying the amount, together with a petition stating the desire of the creditor to be deemed an attaching creditor; and that thereupon he shall be deemed one, and entitled to the same benefits and advantages, and subject to the same responsibilities and obligations, as the creditor at whose instance such attachment originally issued. (1 R. S. 770, §§ 37, 38, 2d ed.) It is also provided that, when an attorney or counsellor shall have been employed to conduct the proceedings, there shall be allowed and paid to the prosecuting creditor, out of the fmids of the estate, the legal costs of such attorney and counsel, to be taxed by the officer issuing the warrant; and that, for necessary disbursements, and drawing the necessary papers, the same rate of allowance shall be taxed as in cases prosecuted in the supreme court, where supreme court costs -are allowed, together with the like fees of attorney and counsel for attendance before the trustees, as are now taxable upon a reference in the supreme court. (Id. 802, §§ 34, 35.)
Doubtless, according to the statute, a creditor coming in under proceedings already instituted, by filing the requisite affidavit and petition, is entitled to all the rights and privileges of the original attaching creditor, for the purpose of collecting his demand, be the amount of it more or less; and of course he is entitled to a taxation of costs to the extent of the services rendered. In cases of small or trivial debts, the costs will often be out of all proportion to the value of the subject matter in suit; but with this consideration we have nothing to do.
I think, however, a retaining fee cannot be taxed in cases like *358 the present, as the creditor comes in under proceedings already-commenced, and begins with the advantage derived from the institution of them. There is but a single attachment, and the attorney concerned in issuing it is the one entitled to the retainer.
There is an excess of folio charged for the petition required by the statute. This need only state briefly the desire of the creditor to be deemed an attaching creditor, which can be done in one folio.
Nor is there any such allowance as $2,00 to the attorney for attending upon the officer to have him receive and file the petition.
And where the claim is not disputed, but allowed on the affidavit of the party, I do not see any propriety in taxing a counsel fee as for attendance on the trial of a cause in the supreme court.
The bill as taxed is $17,62, from which there should be deducted the following items, viz : 1st, Retainer, $3,63 ; 2d, Excess of folio in the charge for petition, $1,00; 3d, Counsel fee on attendance before trustees, $3,75; and 4th, Attendance on officer &c., $2,00.
I think notice of the taxation ought to have been given to one of the trustees. Though the statute does not prescribe it, they represent the estate of the debtor, which is made liable, and they should have an opportunity to appear and contest the bill. '
Let the bill of costs stand as taxed at $7,24, and the motion be denied without costs.
Rule accordingly.